# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TROY AMUNDSON,<br><br>Defendant. | Case No.: 18CR0468-JLS<br><br>**ORDER:**<br><br>**1) DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE (ECF Nos. 37 and 46);**<br><br>**2) DENYING DEFENDANT'S MOTION TO COMPEL GOVERNMENT TO CONSIDER DEFENDANT FOR SENTENCE REDUCTION (ECF No. 49);**<br><br>**3) GRANTING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION FOR MAXIMUM RRC (ECF No. 51);**<br><br>**4) DENYING WITHOUT PREJUDICE MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE (ECF No. 54); and**<br><br>**5) DENYING MOTION TO APPOINT COUNSEL (ECF No. 56)** |

Pending before the Court are numerous motions filed by Defendant Troy Amundson, a prisoner in federal custody: a motion to reduce sentence; a motion to compel the Government to consider Defendant for a sentence reduction; a motion for a judicial recommendation for maximum RRC; a motion to modify conditions of

1

supervised release; and a motion for the appointment of counsel.[1]  Plaintiff has not responded to any motion.  The Court will consider each motion in turn.

**1. Motion to Reduce Sentence**

Defendant has filed a motion for compassionate release or a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 37, amended by ECF No. 46, and supplemented by ECF No. 61).  Defendant contends that under the First Step Act he is entitled to a sentence reduction for his intervention to prevent other inmates from attacking a corrections officer at FCI Sandstone.  Defendant indicates that while incarcerated at the institution he became aware of a plan to assault the officer and notified the warden by secretly passing a note to a guard.  ECF No. 49 at 6.  The attack was diffused and the prisoner planning the attack was punished, but Defendant's name was revealed to other inmates which resulted in threats against Defendant and his being pushed down a stairwell.  ECF No. 61.  Defendant suffered injuries to his leg and shoulder, the shoulder injury resulting in long-term pain and loss of range of mobility.  *Id.*  Defendant did not report the incident because he feared being transferred to another prison and losing family visitation.  *Id.* at 2.

On August 15, 2019, Defendant submitted a Request for Administrative Remedy seeking a reduction in sentence for extraordinary or compelling circumstances.  *Id.* at 4.  The request was denied by the Warden of the institution on August 20, 2019 as not meeting the minimum criteria for a compassionate release/reduction in sentence.  *Id.*  Defendant filed an appeal of the decision to the Federal Bureau of Prisons North Central Regional Office.  *Id.* at 6.  The appeal was denied on October 8, 2019.  The ruling by the Regional Director indicates that an appeal could be made to the Office of General Counsel of the Federal of Bureau of Prisons within 30 days.  *Id.*  There is no indication that an appeal was taken to the BOP Office of General Counsel.

---

[1] Defendant has also filed a Motion for Ruling (ECF No. 59) which is hereby **Denied as Moot**.

The First Step Act (FSA), enacted in 2018, contains a provision which allows defendants to petition district courts directly for compassionate release. Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA, the court may reduce a term of imprisonment "…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal." Prior to the FSA, the courts were constrained to considering compassionate release only upon motion of the Director of the Federal Bureau of Prisons.

In this case, it is not clear that Defendant has in fact fully exhausted his administrative remedies. Under Section 3582(c)(1)(A), a defendant must fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf. Here, although Defendant did appeal the determination by the warden of his institution, it appears that there was still another level of appeal after the denial of his appeal by the Regional Director of the BOP. Defendant has not demonstrated that he filed an appeal with the BOP Office of General Counsel, thus the Court cannot determine that he has fully exhausted his administrative remedies. However, even assuming exhaustion, the Court is not persuaded that relief is warranted on the merits.

Relief is warranted under Section 3582(c)(1)(A) if, after consideration of the factors set forth in section 3553(a), the court finds that:

1. Extraordinary and compelling reasons warrant such a reduction; or

2. The defendant is at least 70 years of age, has served at least 30 years in prison, … and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community; and

3. Such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statements issued by the Sentencing Commission are set forth in U.S. Sentencing Guideline §1B1.13. This Guideline, which has not been amended since the enactment of the FSA, still requires that a reduction in a

3

18CR0468

term of imprisonment be based upon a motion of the Director of the Bureau of Prisons. Otherwise, the Guideline largely tracks the statutory language of Section 3582(c)(1)(A) and provides that the court may reduce a term of imprisonment if it determines that extraordinary or compelling reasons warrant the reduction, or the defendant is a least 70 years old and has served at least 30 years in prison. The Court must also find that the defendant is not a danger to the community and that the reduction is "consistent with this policy statement." USSG §1B1.13(2) and (3). Defendant Amundson, who does not meet the age or custodial requirements, proceeds under the "extraordinary or compelling reasons" provision.

The Commentary to Guideline §1B1.13 indicates that extraordinary and compelling reasons exist under several defined circumstances not implicated in this case, such as terminal illness, serious physical or medical conditions, age-related physical or mental deterioration, or extraordinary family circumstances. However, there is a provision for "other reasons" which provides "as determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons [otherwise described]." USSG §1.B1.13 App. Note 1(D).

By its terms, this category requires a Bureau of Prisons determination that extraordinary and compelling reasons exist in support of a sentence reduction before the Court may act. Some courts have held that this requirement survives the First Step Act, *see e.g., United States v. Lynn*, No. 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019), while others have construed this inconsistency with the FSA to mean that there is no policy statement by the Sentencing Commission applicable to motions for compassionate release filed by defendants under the FSA. *See e.g., United States v. Beck,* 2019 WL 2716505 at *5 (M.D.N.C. June 28, 2018).

Even if the Court were to adopt the more generous position taken by those courts concluding that the Court has the discretion to consider Defendant's motion despite the lack of a determination by the BOP, the Court is not persuaded that an

extraordinary and compelling reason for early release exists in this case. In *United States v. Cantu,* 2019 WL 2498923 (S.D. Tex. June 17, 2019), the court looked to Black's Law Dictionary to define "extraordinary" as "[b]eyond what is usual, customary, regular, or common," and extrapolating from the definition for "compelling need," determined that a compelling reason is one "so great that irreparable harm or injustice would result if [the relief] is not [granted]." *Id.* *5 (citations omitted).

Defendant has not met this standard. To be sure, Defendant's conduct in reporting the planned attack on a corrections officer was admirable, but it was also the right thing to do. While it is possible that a prison setting contains a smaller number of good citizens than the world at large, the Court does not view secretly reporting a planned attack on another human being as rising to the level of extraordinary—or beyond what that which is customary, regular, or common. The Court also harbors no doubt that other prisoners made life difficult for Defendant after he was disclosed as being one of the persons reporting the attack. However, the Court is not persuaded that this treatment or the injuries sustained after the fall down the stairway present a compelling reason for early release. Defendant did not report the stairwell incident to prison authorities for fear of being transferred to another institution. While the Court understands Defendant's reasons for wishing to stay at FCI Sandstone, the fact that he effectively chose to stay by not reporting the incident cuts against a conclusion that the conditions inside the facility are so intolerable that irreparable harm or injustice would result if relief is not granted.

For these reasons, the Court concludes that relief under 18 U.S.C. § 3582(c)(1)(A) is not warranted and declines to exercise any discretion it may have. Defendant's Motion for Compassionate Release/Reduction in Sentence (ECF Nos. 37 and 46) is **Denied**.

/ / /

/ / /

### 2. Motion to Compel Government to Consider Defendant for Sentence Reduction

Defendant requests that this Court order the Government to consider and evaluate his assistance to corrections authorities in the investigation of the would-be assailant in the previously described plan to assault a correctional officer at FCI Sandstone. Defendant contends that he should be considered by the Government for a sentence reduction pursuant to Federal Rule of Criminal Procedure 35(b)(1). However, a motion for sentence reduction pursuant to Rule 35(b) must be made by the Government and the discretion to file such a motion lies solely with the Government. Absent a showing of bad faith, the Court is aware of no authority, nor does Defendant present any, which would authorize this Court to compel the Government to consider Defendant for relief under Rule 35(b). Accordingly, Defendant's Motion to Compel Government to Consider Defendant for Sentence Reduction (ECF No. 49) is **Denied**.

### 3. Motion for Judicial Recommendation for Maximum RRC (Halfway House) and Home Confinement Under First Step Act of 2018

Pursuant to the First Step Act, Defendant seeks a recommendation to the Bureau of Prisons that Defendant be permitted to serve the last 12 months of his sentence in a residential reentry center (RRC) and home confinement. Defendant points out that he is a non-violent, first time offender and scores at the minimum recidivism risk level under the BOP's risk assessment tool. Defendant indicates he has maintained a clear disciplinary record during his custody and has shown exemplary conduct and placed himself at risk for retaliation due to his intervention in the planned assault of the corrections officer. In support of his request, Defendant has submitted a detailed re-entry plan outlining details of his plans upon release. ECF No. 51 at 5-8.

This Court has the authority to make non-binding recommendations to the Bureau of Prisons at any time. *United States v. Ceballos*, 671 F.3d 852, 856 n.2

(9th Cir. 2011). In light of the factors presented by Defendant in his motion, the Court finds good cause for a recommendation that Defendant be considered for the maximum period of residential reentry and home confinement.

Accordingly, Defendant's Motion for Maximum RRC (Halfway House) and Home Confinement Under First Step Act of 2018 (ECF No. 51) is **Granted**. The Court HEREBY RECOMMENDS that the Bureau of Prisons place Defendant in an appropriate pre-release placement for the maximum time for which he is eligible, not to exceed 12 months.

### 4. Motion for Modification of Supervised Release Conditions

Defendant contends that standard conditions 4, 5, and 13 of his supervised release are unconstitutionally vague pursuant to *United States v. Evans*, 883 F.3d 1154 (9th Cir. 2018). Defendant also requests that the Court suspend the drug testing condition "due to the defendant having no drug background and no case relevance." ECF No. 54 at 2.

Defendant did not appeal the judgment in this case, which included the standard conditions of supervision adopted by this court. Therefore, the judgment is final and Defendant has waived his legal objections to the conditions imposed. To the extent that the Court has the discretion to modify the conditions pursuant to 18 U.S.C. 3583(e), the Court declines to do so at this juncture. However, after Defendant is released, the Court would be willing to entertain a request for modification if the existing conditions prove unworkable. Accordingly, Defendant's Motion for Modification of Supervised Release (ECF No. 54) is **Denied Without Prejudice**.

### 5. Motion for Appointment of Counsel

Defendant moves for appointment of counsel due to his several pending motions "that present legally complex issues that will need to be resolved with a hearing before the court." ECF No. 56. There is no absolute right to counsel in post-conviction motions, but a district court has discretion to appoint counsel for
7

indigents when it determines "that the interests of justice so require." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  In this case, the Court is not persuaded that the interests of justice require the appointment of counsel as Defendant has ably and thoroughly presented his claims and no evidentiary hearing is necessary.  Accordingly, Defendant's Motion for Appointment of Counsel (ECF No. 56) is **Denied**.

IT IS SO ORDERED.

Dated:  April 1, 2020

Hon. Janis L. Sammartino
United States District Judge